IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UCHE PHILIP MORDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11−cv−0193−MJR−SCW |
| | ) |
| TODD ZEIGLER, et al., | ) |
| | ) |
| Defendants. | ) |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Now before the Court in this is Marion County Sheriff's Department's Motion to Strike (Doc. 45) pursuant to Federal Rule of Civil Procedure 12(f).

The undersigned judge respectfully submits this Report and Recommendation to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). For the foregoing reasons, it is **RECOMMENDED** that the Sheriff's Department's Motion to Strike (Doc. 45) — which is really a motion for to dismiss for failure to state a claim — be **DENIED.**

## BACKGROUND

Bringing suit under 42 U.S.C. § 1983, Uche Philip Mordi — a Nigerian national — sued nineteen defendants in March 2011. Mordi's complaint contained myriad allegations that Defendants violated his rights under both the U.S. Constitution and the Vienna Convention. Pursuant to 28 U.S.C. § 1915A, District Judge Reagan performed a threshold review and found portions of Mordi's complaint were subject to summary dismissal. Mordi's claims survived preliminary review as to sixteen defendants, among them the County of Marion in Illinois (the County), Marion County Sheriff Jerry Devore (the Sheriff), and the Marion County Sheriff's Department (the Sheriff's Department).

According to the Complaint, Sheriff Devore failed to follow the Vienna Convention requirement to notify Mordi of his right to seek assistance from the Nigerian consulate. (Dkt. 8, 6). And as construed in District Judge Reagan's threshold order, Mordi brings claims against the County and the Sheriff's Department pursuant to *Monell v. Dep't of Soc. Servs.*, claiming that each entity failed to follow the Vienna Convention's notification requirements because of their respective conditions, policies, and customs. **See Monell, 436 U.S. 658, 691 (1978).**

On March 20, 2012, the Sheriff's Department moved the Court to strike all Mordi's claims against it. Since — as discussed below — the Sheriff's Department's motion is really one for dismissal (and therefore properly brought via Rule 12(b)(6)), Mordi's response was due in late April. **SDIL-LR 7.1(c).** No response has been filed, so the Sheriff's Department's motion is ripe for a ruling.

## ANALYSIS

Though the Sheriff's Department styles its instant motion as a Rule 12(f) motion to strike, that motion is not the proper procedure to put a plaintiff's pleadings in issue. **Wabash Valley Power Association v. Public Service Co., 678 F.Supp. 757, 761 (S.D. Ind. 1988); Cash v. Frederick & Co., 57 F.R.D. 71, 78 (E.D. Wis. 1972); 5C Charles Alan Wright & Arthur R. Miller,** *Federal Practice & Procedure* **§ 1380 (3d ed. 2004). See also Spearman Indus. v. St. Paul Fire & Marine Ins. Co., 109 F.Supp. 2d 905, 907 (N.D. Ill. 2000) ("Generally, motions to strike are disfavored and usually denied.").** The Court therefore construes the motion as one made pursuant to Federal Rule 12(b)(6), which allows a defendant to assert that a plaintiff has failed to state a claim upon which relief can be granted. **FED. R. CIV. P. 12(b)(6). See Spearman, 109 F.Supp. 2d at 908 (treating a 12(f) motion to strike like a 12(b)(6) motion to dismiss).** The Court — accepting all factual matter as true — assesses whether there is sufficient factual matter to

state a claim to relief that is plausible on its face. **E.E.O.C. v. United Airlines, Inc., 673 F.3d 543, 544 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).**

At the heart of the Sheriff's Department's argument is the proposition that it does not have the capacity to be sued under *Federal Rule of Civil Procedure 17*. State law controls whether a party has the capacity to be sued. **FED. R. CIV. P. 17(b)(3).** The Seventh Circuit has clearly articulated that, as it pertains to suits against a sheriff's office for activities within its prescribed range of activity, an Illinois Sheriff's department "has a legal existence separate from the county and the State, and is *thus a suable entity*." **DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n. 2 (7th Cir. 2000) (interpreting Illinois statutes and caselaw) (emphasis added).** The Sheriff's Department also argues that naming both the Sheriff and the Department is "redundant." That assertion may have heft in a motion brought under Rule 12(f), which allows the Court to strike redundant matters from a pleading. **FED. R. CIV. P. 12(f).** But even if redundancy were enough to trigger the full dismissal of a party from a case, the threshold order makes clear there is no redundancy among the named parties: the Sheriff, the Sheriff's Department, and the County are each targeted by separate claims, and each is a suable entity.

This case has already progressed past the screening stage. Judge Reagan's threshold order clearly articulates the legal theories of relief for which Plaintiff has stated a claim — including an individual-capacity claim against the Sheriff and *Monell* claims against both the County and the Sheriff's Department. The Sheriff's Department is a suable party, and it should not be dismissed (nor should the claims against it be "stricken") here.

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Marion County Sheriff's Department's Motion to Strike (Doc. 45) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within fourteen days of being served with a copy. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen***, 380 F.3d 279, 284 (7th Cir. 2004). <u>**Accordingly, Objections to this Report and Recommendation must be filed on or before Monday, July 2, 2012**</u>.

**IT IS SO RECOMMENDED.**
**DATE:** <u>**June 14, 2012**</u>                    <u>***/s/ Stephen C. Williams***</u>
                                                **STEPHEN C. WILLIAMS**
                                                United States Magistrate Judge