IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UCHE PHILIP MORDI, )<br>#08179-025 )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>TODD ZEIGLER, NATHAN ZERRUSEN, )<br>ROB RICH, Master Sergeant RISTVEDT, )<br>MYRON PANSING, GREG CHANCE, )<br>GREGG HEALEY, RICHARD KAMMINGA, )<br>EDWARD DETERS, RALPH E. FOWLER, )<br>JOHN H. MONNET, JERRY DEVORE, )<br>EFFINGHAM COUNTY SHERIFF'S )<br>DEPARTMENT, COUNTY OF EFFINGHAM, )<br>MARION COUNTY SHERIFF'S )<br>DEPARTMENT, COUNTY OF MARION, )<br>ILLINOIS STATE POLICE EFFINGHAM, )<br>ILLINOIS STATE POLICE and STATE OF )<br>ILLINOIS, ) | Case No. 11-cv-0193-MJR |

<u>MEMORANDUM AND ORDER</u>

REAGAN, District Judge:

In March 2011, Uche Mordi, an inmate in the Allenwood Federal Prison Camp, filed this action against numerous county and state officials and entities for deprivations of his rights under the United States Constitution and the Vienna Convention, pursuant to 42 U.S.C. § 1983. Mordi is serving a 120-months' sentence for possession with intent to distribute crack cocaine.

In March 2012, the Marion County Sheriff's Department moved to strike the claims against it, pursuant to Federal Rule of Civil Procedure

12(f) (Doc. 45). The Sheriff's Department asserts that Mordi's claims against it should be stricken because they are redundant of his claims against the Marion County Sheriff Jerry Devore.

On June 4, 2012, Magistrate Judge Stephen C. Williams submitted a Report and Recommendation ("the Report"), pursuant to **28 U.S.C. § 636(b)(1)(B)**, regarding the Sheriff's Department's motion to strike (Doc. 50). The Report finds that the undersigned Judge's threshold order clearly articulated the legal theories of relief for which Mordi has stated a claim — including an individual-capacity claim against the Sheriff and *Monell* claims against both the County and the Sheriff's Department. The Report concluded that the Sheriff's Department is a suable entity, and it should not be dismissed, nor claims against it stricken, here.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, neither party has filed objections. The period in which to file objections has expired. Therefore, pursuant to **28 U.S.C. § 636(b)**, this Court need not conduct *de novo* review. ***Thomas v. Arn*, 474 U.S. 140, 149-52 (1985)**.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 50) in its entirety and **DENIES** the Marion County Sherriff's Department's motion to strike (Doc. 45).

IT IS SO ORDERED.

DATED this 3rd day of July, 2012

s/Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge
