IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UCHE PHILIP MORDI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cv–0193–MJR–SCW |
| | ) |
| TODD ZEIGLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

The undersigned performed a threshold screening of this § 1983 civil rights case in January 2012. Broadly speaking, the Complaint alleged a slew of unconstitutional behavior by local and state law enforcement officials during and immediately following Plaintiff's 2009 drug arrest. The undersigned dismissed the case as to many theories of relief, including the notions that certain Defendants had prolonged Plaintiff's traffic stop, illegally searched his possessions, and wrongfully arrested him.

Only one of the *pro se* Plaintiff's three claims survived: a claim that Defendants violated his rights under the Vienna Convention on Consular Relations. That claim generated substantial litigation. The undersigned denied qualified immunity on the matter to three Defendants, who took an interlocutory appeal to the Seventh Circuit and won. *See Mordi v. Zeigler*, 770 F.3d 1161 (7th Cir. 2014).

The case comes before the Court on two matters. First, the Court DENIES (Doc. 129) Plaintiff's Rule 60 motion to revisit the threshold order. Secondly, the Court OVERRULES Plaintiff's objection (Doc. 130) to the $501.00 Bill of Costs filed by Defendants.

### 1. *Rule 60 Motion — DENIED*

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from an order in six discrete circumstances. *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013). Plaintiff invokes the sixth: "any ... reason that justifies relief." **Fed. R. Civ. P. 60(b)(6)**. Relief under that subsection is limited to "extraordinary circumstances." *Mendez*, 725 F.3d at 657. District courts have great latitude in making Rule 60(b) decisions. *Id.* (quoting *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009)).

At best, Plaintiff's motion raises the specter of legal error in the threshold order as it pertains to the (allegedly) wrongful search, prolonged traffic stop, and arrest performed by Defendants. Such an argument is dead on arrival. A court's mistake of law is not a valid ground for a Rule 60(b) motion. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). *See also Equilease Fin. Servs., Inc. v. Fincastle Leasing, Inc.*, 305 F.App'x 291, 294 (7th Cir. 2008) (quoting *Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2000) ("Rule 60(b) is not intended to correct 'mere legal blunders.'")).

### 2. *Objection to Bill of Costs — OVERRULED*

Plaintiff's first argument about being taxed $501.00 is that he cannot afford it. While Plaintiff correctly points out that he was found indigent during the pendency of this action, current inability to pay does not excuse a litigant from paying costs.

The presumption that costs will be awarded to a prevailing party is a strong one. *U.S. Neurosurgical, Inc. v. City of Chi.*, 572 F.3d 325, 333 (7th Cir. 2009). Unsuccessful indigent litigants are not "automatically shielded" from paying costs. *McGill v. Faulkner*, 18 F.3d 456, 458 (7th Cir. 1994). Courts do have discretion to consider a plaintiff's indigency in denying

costs, but only if the losing party is incapable of paying costs now "or in the future." *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006).

The only evidence on record establishes that Plaintiff receives regular gifts from family (purportedly to communicate with family members) and a small stipend for his work as a prison porter. But it also establishes that Plaintiff frequently spends $75 at a time at the commissary. Nothing in the record convinces the undersigned that, should Plaintiff (whose pursuit of this legally complex case has been dedicated, nuanced, and thorough) put his mind to it, he can easily divert $501.00 from his income toward a Bill of Costs during his time in prison (much less afford such a reasonable total after he is free). In other words, Plaintiff is perfectly capable of paying costs "in the future."

Plaintiff's second argument—that the depositions giving rise to Defendants' costs were unnecessary—is frivolous, and warrants little discussion, other than to say that defense counsel acted diligently throughout this hotly contested action, and their tactical choice to gather evidence (especially when the mental state of Defendants was important to the qualified immunity analysis, *see* Doc. 100) was perfectly appropriate.

## CONCLUSION

Plaintiff's Rule 60 motion (Doc. 129) is DENIED, and his objection (Doc. 130) to Defendants' Bill of Costs is OVERRULED.

IT IS SO ORDERED.
DATE: September 17, 2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT